UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WILLIAM K. DOWD,

                         Plaintiff,

   –  against  –

HAZEN & SAWYER, P.C.,
RICHARD E. PETERS, in his individual capacity,
and CHARLES S. HOCKING, in his individual
capacity,

                         Defendants.

-----------------------------------------------------------------X

Case No. cv 22-1599

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, WILLIAM K. DOWD, by and through his attorneys, RUSSO, KARL, WIDMAIER & CORDANO, PLLC, who are duly admitted to practice before this court, sets forth the following complaint and alleges as follows:

## INTRODUCTION

1.      Plaintiff, WILLIAM K. DOWD (hereinafter referred to as "Plaintiff"), brings this action to recover monetary, declaratory, and affirmative relief based upon Defendants', HAZEN & SAWYER, P.C. (hereinafter referred to as "Defendant HAZEN & SAWYER"), RICHARD E. PETERS (hereinafter referred to as "Defendant PETERS"), and CHARLES S. HOCKING (hereinafter referred to as "Defendant HOCKING"),  violation of the Age Discrimination in Employment Act of 1967 (hereinafter referred to as the "ADEA"), as amended, Title 29, Chapter 14, of the United States Code; the New York State Human Rights Law (hereinafter referred to as the "NYSHRL"), Article 15 of the New York Executive Law; the New York City Human Rights Law (hereinafter referred to as "NYCHRL"),  Title 8, Chapters 1 and 5 of the New York City Administrative Code, and other appropriate rules, regulations, statutes and ordinances.

1

## JURISDICTION AND VENUE

2.    Pursuant to Title 28 of the United States Code Section 1331, the above-captioned Court maintains jurisdiction over the claims set forth herein, including claims for relief pursuant to the ADEA and federal law.

3.    Pursuant to Title 29 of the United States Code Section 626, the above-captioned Court maintains jurisdiction over the claims set forth herein, and which are properly brought before it, that arise under the ADEA.

4.    Pursuant to Title 28 of the United States Code Section 1367, the above-captioned Court maintains jurisdiction over the claims set forth herein that arise under the NYSHRL, NYCHRL, along with all claims arising under other appropriate statutes, regulations, rules and ordinances.

5.    The above-captioned Court has the power to declare the rights and other necessary or proper relief based upon a declaratory judgment or decree pursuant to Title 28 of the United States Code Sections 2201 and 2202, whether or not further relief is or could be sought, which shall have the force and effect of a final judgment.

6.    Venue is proper in this United States District Court for the Eastern District of New York pursuant to the general venue statute, Title 28 of the United States Code Section 1391.

7.    This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 621, because Plaintiff is domiciled within this District; Defendant is a registered corporation in New York with offices, among others, in New York, New York and Hicksville, New York; and a substantial part of the events or omissions giving rise to the claims set forth herein occurred in the above-captioned judicial district.

2

8.      The unlawful employment practices alleged herein were committed in whole or in part in the Eastern District of New York and/or in the Southern District of New York.

## PARTIES

9.      Plaintiff, WILLIAM K. DOWD, is a citizen of the State of New York, residing in Holbrook, New York, within the Eastern District of New York.

10.     Defendant HAZEN & SAWYER is located and has its principal place of business at 498 Seventh Avenue, 11th Floor, New York, New York.

11.     Defendant HAZEN & SAWYER is a corporation incorporated under the laws of the State of New York, who at all times relevant to this matter does business within this District and within the State of New York.

12.     At all times relevant herein, Defendant HAZEN & SAWYER employed over 1,000 employees.

13.     Defendant PETERS is the Vice President and Northeast Regional Manager of Defendant HAZEN & SAWYER, working in Defendant HAZEN & SAWYERS' New York office.

14.     Defendant PETERS supervised Plaintiff and participated in the unlawful conduct that targeted Plaintiff.

15.     At all times relevant herein, Defendant HOCKING was the President and Chief Executive Officer of Defendant HAZEN & SAWYER, working in Defendant HAZEN & SAWYERS' New York office.

16.     At all times relevant herein, Defendant HOCKING supervised Plaintiff and participated in the unlawful conduct that targeted Plaintiff.

3

17. At all times mentioned herein, Plaintiff was an "employee" within the meaning of the Age Discrimination in Employment Act (ADEA), Title 29 of the United States Code Section 630(f).

18. At all times mentioned herein, Plaintiff was a "person" within the meaning of the Age Discrimination in Employment Act (ADEA), Title 29 of the United States Code Section 630(a).

19. At all times mentioned herein, Defendant HAZEN & SAWYER was an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

20. At all times mentioned herein, Defendant PETERS was an agent of the "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

21. At all times mentioned herein, Defendant HOCKING was an agent of the "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

22. At all times mentioned herein, Plaintiff was a "person" within the meaning of the New York State Human Rights Law, Section 292(1) of the New York Executive Law of the State of New York, Chapter 18.

23. At all times mentioned herein, Defendant HAZEN & SAWYER was an "employer" within the meaning of the New York State Human Rights Law section 292(5) of the New York Executive Law of the State of New York, Chapter 18.

24. At all times mentioned herein, Defendant PETERS was an agent of the "employer" within the meaning of the New York State Human Rights Law, Chapter 18 of the New York Executive Law of the State of New York.

25.     At all times mentioned herein, Defendant HOCKING was an agent of the "employer" within the meaning of the New York State Human Rights Law, Chapter 18 of the New York Executive Law of the State of New York.

26.     At all times mentioned herein, Plaintiff was a "person" within the meaning of the New York City Human Rights Law, Section 8-102 of the Administrative Code of the City of New York.

27.     At all times mentioned herein, Defendant HAZEN & SAWYER was an "employer" within the meaning of the New York City Human Rights Law, Section 8-102 of the Administrative Code of the City of New York.

28.     At all times mentioned herein, Defendant PETERS was an agent of the "employer" within the meaning of the New York City Human Rights Law, the Administrative Code of the City of New York.

29.     At all times mentioned herein, Defendant HOCKING was an agent of the "employer" within the meaning of the New York City Human Rights Law, the Administrative Code of the City of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.     On September 22, 2020, Plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights (hereinafter referred to as "NYSDHR") and was assigned the NYSDHR Case No. 10209604.

31.     Simultaneously, on September 22, 2020, a charge of discrimination was also filed with the EEOC and assigned the Federal Charge No. 16GC100106.

32.     In accordance with 29 U.S.C. § 626(d)(1), Plaintiff brings this action pursuant to the ADEA, after more than 60 days has passed since he filed his federal charge of discrimination on September 22, 2020.

33.     On or about August 26, 2021, Plaintiff received a Determination After Investigation that the agency had jurisdiction over this matter and that PROBABLE CAUSE exists to believe that Defendant, HAZEN & SAWYER, engaged in unlawful age discrimination.  A copy of that decision is attached as Exhibit "A" and made a part hereof by this reference as though fully set forth herein.

34.     Plaintiff received a copy of the Recommended Order of Dismissal for Administrative Convenience dated December 20, 2021, from NYSDHR Administrative Law Judge Michael T. Groben.  A copy of the Recommended Order is attached hereto as Exhibit "B" and made a part hereof by this reference as though fully set forth herein.

35.     By letter dated January 26, 2022, Plaintiff received the final order from NYSDHR Adjudication Counsel Matthew Menes adopting the Recommended Order of Dismissal for Administrative Convenience, dated December 20, 2021, and dismissing Plaintiff's Verified Complaint for administrative convenience for the purpose of allowing Plaintiff to pursue all of his claims in one federal action.  A copy of the Final Order is attached hereto as Exhibit "C" and made a part hereof by this reference as though fully set forth herein.

36.     Pursuant to Section 8-502(c) of the New York City Administrative Code, Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel, thereby satisfying the requirements of that section.

37.     Any and all other prerequisites to the filing of this lawsuit have been met.

6

## STATEMENT OF FACTS

38.     Plaintiff repeats and realleges each and every allegation contained herein.

39.     At the time of the discriminatory acts complained of herein, Plaintiff was 64 and 65 years old.

40.     Plaintiff was hired by Defendant HAZEN & SAWYER on March 18, 1985.

41.     Plaintiff is a Civil Environmental engineer, graduating from the Rochester Institute of Technology with a degree in Civil Environmental engineering.

42.     Plaintiff maintained his required annual continuing education credits to maintain his engineering license.

43.     Plaintiff worked for Defendant HAZEN & SAWYER for 35 years until his wrongful termination on March 31, 2020.

44.     Plaintiff was unexpectedly terminated during a telephone conference call in which he mistakenly believed the conversation was to discuss his transition to part-time employment.

45.     For eleven years prior to Plaintiff's untimely termination, Plaintiff was in the position of Senior Associate.

46.     Plaintiff was duly qualified for the position of Senior Associate.

47.     During his employment with Defendant HAZEN & SAWYER, Plaintiff received positive performance evaluations.

48.     Defendants have no documentation to support any allegations that they were ever dissatisfied with Plaintiff's work.

49.     Defendant HAZEN & SAWYER is a highly specialized national engineering company originating over seventy years ago with its headquarters located in New York, New York.

50.    Defendant HAZEN & SAWYER provides engineering services for water treatment facilities across the country including drinking water facilities as well as wastewater facilities.

51.    Defendant PETERS was Plaintiff's supervisor for approximately ten (10) years before his termination.

52.    Beginning in approximately April of 2019, Defendant PETERS asked Plaintiff about what his intentions were with the Company and whether he intended to retire or possibly work part-time.

53.    Plaintiff responded to Defendant PETERS' inquiries by advising him that Plaintiff had no intention to retire or to work part-time.

54.    From about April 2019 through December 2019, Defendant PETERS on several occasions asked Plaintiff about his intentions for retirement and/or whether he would consider working part-time.

55.    In December 2019, Defendants HAZEN & SAWYER and PETERS sent Plaintiff a draft letter proposing that Plaintiff begin working part-time hours effective January 2020.

56.    In December 2019, Defendants sought to demote Plaintiff, a 35-year full-time employee, to part-time status.

57.    In response to the December 2019 proposal, Plaintiff responded that he wanted to continue to work full-time and did not agree to work part-time.

58.    Despite Plaintiffs' opinion that he would like to continue to work full-time, Defendants HAZEN & SAWYER and PETERS required Plaintiff to begin working part-time hours in January of 2020.

59.    Plaintiff was subject to unequal treatment because of his age when Defendants required Plaintiff to begin working part-time in January 2020.

8

60.    To supplement Plaintiff's part-time hours starting in January of 2020, Plaintiff used his accrued time to maintain his full-time salary.

61.    Plaintiff was subject to unequal treatment because of his age when Defendants required Plaintiff to begin working part-time in January 2020 and to use his accrued time to maintain his full-time salary.

62.    It was Plaintiff's understanding that the part-time arrangement imposed by Defendants was to be reviewed again in March 2020.

63.    Plaintiff was subject to unequal treatment because of his age when Defendants required Plaintiff to begin working part-time in January 2020, despite his position that he continues to work full-time.

64.    Defendant PETERS repeated requests about Plaintiff's intentions to retire and/or work part-time demonstrate Defendant's decision to move Plaintiff to part-time work because of his age.

65.    Plaintiff was subject to unequal treatment because of his age when Defendants repeatedly asked him what his intentions were to retire and/or work part-time.

66.    Defendants have a history of making older employees work part-time and treating them differently than younger employees because of their age.

67.    Defendants are responsible for a pattern and practice of forcing older employees to retire and/or work part-time by limiting the work assigned to older employees over the age of 60.

68.    Defendants have forced other older employees with extensive engineering experience to work part-time hours.

9

69.     Over the course of 2019 and into 2020, Defendants HAZEN & SAWYER and PETERS began decreasing Plaintiff's work responsibilities, informing Plaintiff that they did not have enough work for him.

70.     During the same time frame 2019 into 2020, Defendants HAZEN & SAWYER, PETERS, and HOCKING, provided younger employees with sufficient work to maintain their employment.

71.     Also, during the same time frame 2019 into 2020, Defendant HAZEN & SAWYER was actively recruiting new younger employees, seeking to fill job openings through its website and identifying several positions that were similar to Plaintiff's position.

72.     Defendants decreased Plaintiff's workload and work responsibilities because of Plaintiff's age.

73.     Plaintiff was at all times ready and willing to work full-time with a full-time workload.

74.     Plaintiff was subject to unequal treatment because of his age when Defendants decreased Plaintiff's workload and work responsibilities.

75.     Defendants HAZEN & SAWYER and PETERS repeatedly told Plaintiff that they were unable to find work assignments for his skill level.

76.     Contrary to Defendants claims, Defendant HAZEN & SAWYER's President and CEO, Defendant HOCKING stated in the summer of 2019, that the Company was doing well and continuing its growth with additional government contracts and hiring of new staff members.

77.     In February 2019, Defendants hired Mr. Mark L. Supplee, a significantly younger employee than Plaintiff.

78.     In the years 2019 and 2020, Defendants constructively replaced Plaintiff when they hired Mr. Supplee and began giving Mr. Supplee work that Plaintiff would have previously been assigned.

79.     In the years 2019 and 2020, Defendants also sent New York work assignments to other offices outside the NYC Office to increase those offices' productivity levels while decreasing Plaintiff's work levels.

80.     In the years 2019 and 2020, Defendants continued to advertise for available positions in senior engineering positions.

81.     In the years 2019 and 2020, Defendants continued to hire young engineers for available positions in senior engineering positions.

82.     Defendants lack any contemporaneous documentation to support its lack of work for Plaintiff explanation for termination.

83.     Defendant HAZEN & SAWYER's Company Mission Statement states, "[w]e recognize that Hazen's success is rooted in its people, and we are committed to attracting and retaining the most passionate, determined, and dedicated technical staff."

84.     Defendants acted contrary to the Company's Mission Statement when they terminated Plaintiff — a passionate, determined, and dedicated 35-year employee.

85.     During this time, beginning in March of 2020, the COVID19 pandemic began to affect the Country and the world.

86.     Defendants disingenuously claim that Plaintiff's termination was the result of the COVID19 pandemic.

87.     Defendants lack any contemporaneous documentation to support its COVID19 explanation for termination – namely the termination of a 35-year employee with the Company as

the first to be terminated during an economic downturn or an explanation as to how it controlled any purported reduction in force/planned terminations due to the COVID19 pandemic.

88.    Defendants were attempting to force Plaintiff to leave his employment/retire during the year prior to the COVID19 pandemic, the year 2019, well before the existence of COVID19.

89.    On March 31, 2020, Defendants terminated Plaintiff's employment effective immediately.

91.    At the time of Plaintiff's termination on March 31, 2020, and remaining on their website thereafter, Defendant HAZEN & SAWYER had over 60 current job openings posted as available on their website.

92.    Thereafter, Plaintiff contacted Defendant HOCKING concerning his unexpected termination, to which Defendant HOCKING restated Defendants' purported false narrative that Defendants are unable to match Plaintiff's skillset to Defendants' project workload.

## STATEMENT OF CLAIMS

### COUNT I – FIRST CLAIM FOR RELIEF
**(Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621)**

93.    The foregoing paragraphs are realleged and incorporated by reference herein.

94.    Plaintiff is a member of the protected class of individuals over the age of forty (40) years while employed with Defendants.

95.    Plaintiff was qualified for his position during his employment with Defendants.

96.    Plaintiff performed his job duties satisfactorily while employed with Defendants.

97.    Plaintiff suffered an adverse employment action, specifically, Defendants terminated Plaintiff's employment.

98.     Defendants terminated Plaintiff's employment because of his age and thereby violated his rights to equal employment opportunity as protected by the ADEA.

99.     Defendants' conduct included, among other things, the following:

a.  improper reduction of Plaintiff's full-time work hours to part-time, while the work was redistributed to younger and less-experienced employees, who continue to be employed by Defendants;

b.  repeated discriminatory comments predicated on Plaintiff's age by Defendant PETERS;

c.  repeated requests by Defendant PETERS about when Plaintiff intended to retire from employment and/or begin to work part-time;

d.  improper reduction of Plaintiff's work hours to part-time and allowing Plaintiff to use his accrued time to supplement his hours to meet a full-time salary; and

e.  terminating Plaintiff's employment while falsely claiming the termination of a 35-year employee was due to the economic downturn related to the COVID19 pandemic.

100.    Defendants' conduct as alleged above constitutes discrimination based on Age Discrimination in violation of ADEA.

101.    The stated reasons for Defendants' termination of Plaintiff's employment were not the true reasons, but instead were pretextual intended to hide Defendants' discriminatory animus.

102.    As a consequence of Defendants' willful and unlawful discriminatory acts, all of which were undertaken with a conscious disregard of Plaintiff's rights as delineated above, Plaintiff suffered damages in an amount to be determined at trial, including back pay, front pay, and liquidated damages to the extent permitted by statute.

103.    As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, and other economic harm, all to Plaintiff's measure of damages in an amount to be determined at trial.

104.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, injury, pain, ailments and conditions, as well as mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and other emotional pain and suffering.

105.    Defendants' unlawful actions constitute malicious, willful and wanton violations of the ADEA.

**COUNT II – SECOND CLAIM FOR RELIEF**
**(Age Discrimination in Violation of the New York State Human Rights Law § 296)**

106.    The foregoing paragraphs are realleged and incorporated by reference herein.

107.    Plaintiff is a member of the protected class of individuals over the age of forty (40) years while employed with Defendants.

108.    Plaintiff was qualified for his position during his employment with Defendants.

109.    Plaintiff performed his job duties satisfactorily while employed with Defendants.

110.    Plaintiff suffered an adverse employment action, specifically, Defendants terminated Plaintiff's employment.

111.    Defendants terminated Plaintiff's employment because of his age and thereby violated his rights to equal employment opportunity as protected by the NYSHRL.

112. Defendants' conduct included, among other things, the following:

a. improper reduction of Plaintiff's full-time work hours to part-time, while the work was redistributed to younger and less-experienced employees, who continue to be employed by Defendants;

b. repeated discriminatory comments predicated on Plaintiff's age by Defendant PETERS;

c. repeated requests by Defendant PETERS about when Plaintiff intended to retire from employment and/or begin to work part-time;

d. improper reduction of Plaintiff's work hours to part-time and allowing Plaintiff to use his accrued time to supplement his hours to meet a full-time salary; and

e. terminating Plaintiff's employment while falsely claiming the termination of a 35-year employee was due to the economic downturn related to the COVID19 pandemic.

113. Defendants' conduct as alleged above constitutes discrimination based on Age Discrimination in violation of the NYSHRL.

114. As a consequence of Defendants' willful and unlawful discriminatory acts, all of which were undertaken with a conscious disregard of Plaintiff's rights as delineated above, Plaintiff suffered damages in an amount to be determined at trial, including back pay, front pay, punitive damages and liquidated damages to the extent permitted by statute.

115. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's measure of damages in an amount to be determined at trial.

116. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, injury, pain, ailments and conditions, as well as mental anguish

15

and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and other emotional pain and suffering.

117.    Defendants' unlawful actions constitute malicious, willful and wanton violations of the NYSHRL.

**COUNT III – THIRD CLAIM FOR RELIEF**
**(Age Discrimination in Violation of the NYCHRL,**
**Administrative Code of City of New York § 8-107)**

118.    The foregoing paragraphs are realleged and incorporated by reference herein.

119.    Plaintiff is a member of the protected class of individuals over the age of forty (40) years while employed with Defendants.

120.    Plaintiff was qualified for his position during his employment with Defendants.

121.    Plaintiff performed his job duties satisfactorily while employed with Defendants.

122.    Plaintiff suffered an adverse employment action, specifically, Defendants terminated Plaintiff's employment.

123.    Defendants terminated Plaintiff's employment because of his age and thereby violated his rights to equal employment opportunity as protected by the NYCHRL.

124.    Defendants' conduct included, among other things, the following:

a.   improper reduction of Plaintiff's full-time work hours to part-time, while the work was redistributed to younger and less-experienced employees, who continue to be employed by Defendants;

b.   repeated discriminatory comments predicated on Plaintiff's age by Defendant PETERS;

c.   repeated requests by Defendant PETERS about when Plaintiff intended to retire from employment and/or begin to work part-time;

16

d.  improper reduction of Plaintiff's work hours to part-time and allowing Plaintiff to use his accrued time to supplement his hours to meet a full-time salary; and

e.  terminating Plaintiff's employment while falsely claiming the termination of a 35-year employee was due to the economic downturn related to the COVID19 pandemic.

125.  Defendants' conduct as alleged above constitutes discrimination based on Age Discrimination in violation of the NYCHRL.

126.  As a consequence of Defendants' willful and unlawful discriminatory acts, all of which were undertaken with a conscious disregard of Plaintiff's rights as delineated above, Plaintiff suffered damages, and continues to suffer, in an amount to be determined at trial, including back pay, front pay, punitive damages and liquidated damages to the extent permitted by statute.

127.  As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, and other economic harm, all to Plaintiff's measure of damages in an amount to be determined at trial.

128.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, injury, pain, ailments and conditions, as well as mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and other emotional pain and suffering.

129.  Defendants' unlawful actions constitute malicious, willful and wanton violations of the New York City Law, NYCHRL.

## COUNT IV – FOURTH CLAIM FOR RELIEF
### (NYSHRL individual liability 296(1))

130.    The foregoing paragraphs are realleged and incorporated by reference herein.

131.    Defendant PETERS is the Vice President and Northeast Regional Manager of Defendant HAZEN & SAWYER.

132.    As Vice President for Defendant HAZEN & SAWYER, Defendant PETERS was involved in the promotion, demotion, hiring and firing of individuals that work for Defendant HAZEN & SAWYER.

133.    Defendant PETERS was Plaintiff's supervisor when he worked for Defendant HAZEN & SAWYER.

134.    Defendant PETERS was a participant in the termination of Plaintiff on March 31, 2020.

135.    Defendant PETERS participated in the conduct giving rise to the discrimination suffered by Plaintiff and set forth herein.

136.    Defendant PETERS was involved in the discriminatory scheme to terminate Plaintiff, an older employee, and force older employees to reduce their hours to part-time status.

137.    Pursuant to New York Executive Law section 296(1), Defendant PETERS is individually liable for discrimination against Plaintiff because he has an ownership interest and/or because he has the authority to hire and fire the Plaintiff.

138.    Defendant HOCKING was the President and CEO of Defendant HAZEN & SAWYER.

139.    As President and CEO for Defendant HAZEN & SAWYER, Defendant HOCKING was involved in the promotion, demotion, hiring and firing of individuals that work for Defendant HAZEN & SAWYER.

140. Defendant HOCKING was a participant in the termination of Plaintiff on March 31, 2020.

141. Defendant HOCKING participated in the conduct giving rise to the discrimination suffered by Plaintiff and set forth herein.

142. Defendant HOCKING was involved in the discriminatory scheme to terminate Plaintiff, an older employee, and force older employees to reduce their hours to part-time status.

143. Pursuant to New York Executive Law section 296(1), Defendant HOCKING is individually liable for discrimination against Plaintiff because he has an ownership interest and/or because he has the authority to hire and fire the Plaintiff.

## COUNT V – FIFTH CLAIM FOR RELIEF
### (NYSHRL individual liability 296(6)

144. The foregoing paragraphs are realleged and incorporated by reference herein.

145. Defendant PETERS is the Vice President and Northeast Regional Manager of Defendant HAZEN & SAWYER.

146. As Vice President for Defendant HAZEN & SAWYER, Defendant PETERS was involved in the promotion, demotion, hiring and firing of individuals that work for Defendant HAZEN & SAWYER.

147. Defendant PETERS was Plaintiff's supervisor when he worked for Defendant HAZEN.

148. Defendant PETERS was a participant in the termination of Plaintiff on March 31, 2020.

149. Defendant PETERS participated in the conduct giving rise to the discrimination suffered by Plaintiff and set forth herein.

150.    Defendant PETERS was involved in the discriminatory scheme to terminate Plaintiff, an older employee, and force older employees to reduce their hours to part-time status.

151.    Pursuant to New York Executive Law section 296(6), Defendant PETERS is individually liable for discrimination against Plaintiff because he aided, abetted, incited, compelled and/or coerced Defendants' unlawful discrimination against Plaintiff.

152.    Defendant HOCKING was the President and CEO of Defendant HAZEN & SAWYER.

153.    As President and CEO for Defendant HAZEN & SAWYER, Defendant HOCKING was involved in the promotion, demotion, hiring and firing of individuals that work for Defendant HAZEN & SAWYER.

154.    Defendant HOCKING was a participant in the termination of Plaintiff on March 31, 2020.

155.    Defendant HOCKING participated in the conduct giving rise to the discrimination suffered by Plaintiff and set forth herein.

156.    Defendant HOCKING was involved in the discriminatory scheme to terminate Plaintiff, an older employee, and force older employees to reduce their hours to part-time status.

157.    Pursuant to New York Executive Law section 296(6), Defendant HOCKING is individually liable for discrimination against Plaintiff because he aided, abetted, incited, compelled and/or coerced Defendants' unlawful discrimination against Plaintiff.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, WILLIAM K. DOWD, respectfully requests the Court to enter judgment in his favor and against Defendants, HAZEN & SAWYER, P.C., RICHARD E. PETERS, CHARLES S. HOCKING, and to award him the following relief:

(a) a declaratory judgment that the actions of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

(b) an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

(c) an award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to back pay, front pay, and all related fringe benefits;

(d) an award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

(e) an award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages;

(f) an award of punitive damages in an amount to be determined at trial;

(g) an award of liquidated damages in an amount to be determined at trial;

(h) an award of reasonable counsel fees and costs with interest to compensate Plaintiff for having to prosecute this action against Defendants; and

(i) such other legal and equitable relief that may be just and proper given the circumstances.

## JURY DEMAND

Plaintiff, WILLIAM K. DOWD, demands a trial by jury on all issues in this action that are triable by law.

Dated:          March 23, 2022
               Hauppauge, New York


                              Respectfully Submitted,


                              _____
                              Richard T. Cordano, Esquire
                              RUSSO, KARL, WIDMAIER & CORDANO, PLLC
                              Attorneys for Plaintiff, WILLIAM K. DOWD
                              400 Town Line Road
                              Hauppauge, New York 11788
                              Telephone: 631-265-7200
                              Email: rtc@rkwclaw.com

# Exhibit A



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

WILLIAM K. DOWD,

Complainant,

v.

HAZEN & SAWYER, P.C.,

Respondent.

DETERMINATION AFTER
INVESTIGATION

Case No.
10209604

---

Federal Charge No. 16GC100106

On 9/22/2020, William K. Dowd filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of age in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:   07/29/21
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By:   _William LaMot_
William LaMot
Regional Director

# Exhibit B



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS<br>    on the Complaint of<br><br>**WILLIAM K. DOWD,**<br><br>                              Complainant,<br><br>                    v.<br><br>**HAZEN & SAWYER, P.C.,**<br><br>                              Respondent. | **RECOMMENDED ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE**<br><br>Case No. **10209604** |

Federal Charge No. 16GC100106

## PROCEEDINGS IN THE CASE

On September 22, 2020, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Michael T. Groben, an Administrative Law Judge ("ALJ") of the Division. Complainant was represented by Russo, Karl, Widmaier & Cordano, PLLC (Richard T. Cordano, Esq., of counsel). Respondent was represented by Jackson Lewis P.C. (Craig S. Roberts, Esq., and Ana C. Shields, Esq., of counsel).

By letter dated December 3, 2021, Complainant requested that his case be dismissed for administrative convenience so that Complainant may pursue his claims of discrimination in federal court.

By letter dated December 3, 2021, ALJ Groben requested that Respondent file its objections to the requested dismissal, if any, in writing, by close of business on December 13, 2021. Respondent did not file any objections.

Pursuant to Section 297.3(c) of the Human Rights Law, the complaint should be dismissed on the grounds of administrative convenience.  The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

ORDERED, that the case be dismissed for administrative convenience.

Dated: December 20, 2021
        Bronx, New York

Michael T. Groben
Administrative Law Judge

# Exhibit C

**Division of
Human Rights**

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

---

**NEW YORK STATE DIVISION
OF HUMAN RIGHTS**
   on the Complaint of

**WILLIAM K. DOWD,**

                          Complainant,

            v.

**HAZEN & SAWYER, P.C.,**

                          Respondent.

---

**NOTICE AND
FINAL ORDER**

Case No. 10209604

Federal Charge No. 16GC100106

**PLEASE TAKE NOTICE** that the attached is a true copy of an Order issued by

Matthew Menes, Adjudication Counsel, as designated by the Honorable Maria L. Imperial,

Acting Commissioner of the New York State Division of Human Rights ("Division"). In

accordance with the Division's Rules of Practice, a copy of this Order has been filed in the

offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458.

The Order may be inspected by any member of the public during the regular office hours of the

Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this

Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is

the subject of the Order occurred, or wherein any person required in the Order to cease and desist

from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts

- 2 -

business, by filing with such Supreme Court of the State a Petition and Notice of Petition, <u>within sixty (60) days after service of this Order</u>.  A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  <u>Please do not file the original Notice or Petition with the Division</u>.

   **ADOPTED, ISSUED, AND ORDERED**.

DATED:  **January 26, 2022**
    Bronx, New York

_____
MATTHEW MENES
ADJUDICATION COUNSEL

TO:
Complainant
William K. Dowd
1299 Claas Avenue
Holbrook, NY 11741

Complainant Attorney
Richard T. Cordano, Esq.
Russo, Karl, Widmaier & Cordano, PLLC
400 Townline Road, Suite 170
Hauppauge, NY 11788

Respondent
Hazen & Sawyer, P.C.
Attn: Denise A.M. Townsend, Chief HR Officer
498 Seventh Avenue, 11th Floor
New York, NY 10018

Respondent Attorney
Craig S. Roberts, Esq.
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY 11747

Respondent Attorney
Ana C. Shields, Esq.
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY 11747

Hon. Letitia James, Attorney General
Attn: Civil Rights Bureau
28 Liberty Street
New York, New York 10005

State Division of Human Rights
Robert Goldstein, Director of Prosecutions
Lilliana Estrella-Castillo, Chief Administrative Law Judge
Michael T. Groben, Administrative Law Judge
Michael Swirsky, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel